UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAINE THOMPSON,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>SAN DIEGO SUPERIOR COURT,<br><br>　　　　　　　　Respondent. | Civil No.　12cv0449-AJB (WVG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. The Petition is dismissed without prejudice for the following reasons.

　　　　　　　　**FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

　　　　Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than April 23, 2012,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

/ / /

## FAILURE TO NAME A PROPER RESPONDENT

In addition, Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." <u>Id.</u> Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. <u>See</u> <u>id.</u>

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." <u>Id.</u> "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" <u>Id.</u> (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" <u>Id.</u> (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." <u>Ashley v. Washington</u>, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." <u>Ortiz-Sandoval</u>, 81 F.3d at 895.

Here, Petitioner has incorrectly named "San Diego Superior Court," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

///

**FAILURE TO STATE A COGNIZABLE CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). See <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Here, Petitioner claims that "all kinds of illegal behavior . . . and works of evil" occurred during his trial involving the trial judge, jury and clerk of court. (Pet. at 6-8.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. If Petitioner contends that the actions he complains of violated his federal Constitutional rights, for example, he must so state.

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned:

1  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal
2  rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>
3  <u>United States Constitution</u>." Id. at 365-66 (emphasis added). For example, "[i]f a habeas
4  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the
5  <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only
6  in federal court, but in state court." Id. at 366 (emphasis added).

7  The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty
8  Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of
9  habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation
10 period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

20 28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

21 The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition
22 is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).
23 <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'
24 when its delivery and acceptance [by the appropriate court officer for placement into the record]
25 are in compliance with the applicable laws and rules governing filings."). However, absent some
26 other basis for tolling, the statute of limitations does run while a federal habeas petition is
27 pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).
28 / / /

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement, has not named a proper respondent and has not stated a cognizable federal claim.

## CONCLUSION

The Petition is dismissed without prejudice for failure to satisfy the filing fee requirement, failure to name a proper Respondent and failure to allege a cognizable federal claim. If Petitioner wishes to proceed with this case, he must submit, **no later than April 23, 2012,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee and a First Amended Petition which cures the defects identified in this Order. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: February 23, 2012

Hon. Anthony J. Battaglia
U.S. District Judge

CC: ALL PARTIES